UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria C. Y., | Case No. 26-cv-00660 (MJD/ECW) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Todd Lyons, *in his capacity as Acting Director, Immigration and Customs Enforcement*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Pamela Bondi, *U.S. Attorney General*; Daren K. Margolin, *Director for Executive Office for Immigration* Review; and David Easterwood, *Field Office Director of St. Paul Field Office for U.S. Department of Homeland, United States Immigration and Customs Enforcement, Enforcement and Removal Operations*, | |
| Respondents. | |

This matter is before the Court on Petitioner Maria C. Y.'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on January 26, 2026. (Dkt. 1.) According to the Petition, Petitioner is a citizen of Ecuador who has resided in the United States since August 14, 2023. (*Id.* at 5, 11.)[1] She has been detained in Immigration and Customs Enforcement ("ICE") custody since January 25, 2026. (*Id.* at 11-12.) Petitioner seeks a writ of habeas corpus requiring Respondents to immediately release her, or in the

---

[1] Page number citations in this Report and Recommendation are to the page number assigned by CM/ECF.

alternative, provide her with a hearing to allow Petitioner the opportunity to seek a bond for release from custody pursuant to 8 U.S.C. § 1226. (*Id.* at 3.)

On January 26, 2026, U.S. District Judge Michael J. Davis issued an Order requiring Respondents to file their answer no later than January 29, 2026, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case. (Dkt. 3 at 1 ¶ 1.) The Order also required Respondents answer to address "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (*Id.* at 2 ¶ 2.) Judge Davis also enjoined Respondents from "removing Petitioner from the District of Minnesota" until a final decision has been made on the Petition and ordered Respondents "to immediately return Petitioner to Minnesota" if she had already been removed from Minnesota. (*Id.* at 2-3 ¶¶ 5-6.) On January 29, 2026, Respondents filed a Response. (Dkt. 4.) Respondents filed no supporting declaration or other evidence in support of their response. Petitioner filed her reply on January 30, 2026 (Dkt. 6), and the case is now ripe for decision.

## I.   FACTS

Petitioner asserts, and Respondents do not dispute, that after entering the United States without permission in August 2023, Petitioner turned herself in to immigration officials and explained that she had fled Ecuador because a criminal group threatened to kill her and her daughter. (*Id.* at 11.) Petitioner was detained for approximately two days before being released on her own recognizance on August 15, 2023. (*Id.* at 11, Dkt. 1-1 at 9.) Since then, Petitioner has resided in Minnesota with her minor daughter. (*Id.* at

11-12.) Petitioner has a pending asylum case and has not violated her conditions of release. (Dkt. 6 at 3.)

Petitioner was taken into ICE custody on January 25, 2026, in Minnesota. (Dkt. 1 at 11-12.) Respondents have provided no additional facts about the circumstances or reason for Petitioner's detention. Respondents merely state that "this petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided" and "assert all arguments raised by the government in [*Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)]." (Dkt. 4 at 1.) Respondents do not indicate whether a warrant preceded Petitioner's arrest and in fact state that "[t]he Federal Respondents also acknowledge that many judges in this District conclude the absence of a warrant preceding a petitioner's arrest necessitates immediate release." (*Id.*) The Court understands this response to concede that Petitioner's arrest was warrantless.

## II. LEGAL STANDARD

A federal court may provide habeas relief to a person who is detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). "The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus extends to immigration-related detention." *Diego L., v. Bondi, et al.*, No. 26-CV-382 (JMB/DJF), 2026 WL 145206, at *2 (D. Minn. Jan. 20, 2026) (citation modified). Petitioner has the burden of proving her entitlement to relief by a preponderance of the evidence. *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025).

As U.S. Magistrate Judge John F. Docherty recently explained in a similar case:

> Two provisions of the Immigration and Nationality Act are relevant to this case. Under 8 U.S.C. § 1225(b)(2), which applies to "an alien seeking admission" to the United States, detention while immigration proceedings are conducted is mandatory, while under 8 U.S.C. § 1226(a), which applies to an alien who is unlawfully present in the United States, detention is discretionary and may only be imposed after a hearing.

*Mahamed C.A. v. Noem*, No. 25-CV-4551 (MJD/JFD), 2025 WL 3771299, at *1-2 (D. Minn. Dec. 16, 2025), *R. & R. adopted sub nom.*, 2025 WL 3754012 (D. Minn. Dec. 29, 2025).

### III.   ANALYSIS

As stated above, Petitioner seeks immediate release, or in the alternative, a declaratory judgment that she is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b)(2), and thus entitled to a custody redetermination hearing before an immigration judge under 8 C.F.R. § 1236 so Petitioner can seek a bond for her release from custody.  (Dkt. 1 at 2-3.)

The Response states only the following:

> Petitioner filed this petition for a writ of habeas corpus to secure a bond hearing in connection with Petitioner's detention by the U.S. Immigration and Customs Enforcement. The Federal Respondents acknowledge that this petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided. *See* Dkt. 3, at 2. The Federal Respondents also acknowledge that many judges in this District conclude the absence of a warrant preceding a petitioner's arrest necessitates immediate release. *See id.* Those issues are currently before the Eighth Circuit on expedited review in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). For purposes of expediting these proceedings, the Federal Respondents assert all arguments raised by the government in *Avila*, preserve those arguments for any appeal in this case, and respectfully request that the Court deny Petitioner's habeas petition.

(Dkt. 4 at 1.)

4

In her Reply, Petitioner argues that Respondents have failed to establish a lawful basis for Petitioner's detention. (Dkt. 6 at 2.) Specifically, Petitioner argues that because Petitioner was released pursuant to 8 U.S.C. § 1226 (*see* Dkt. 1-1 at 9-10), absent changed circumstances, which Respondents have not shown, Respondents do not have the authority to re-detain her (Dkt. 6 at 2 (citing *Khalid B.Q. v. Bondi*, No. 25-4584 (JWB/DJF), Doc. No. 10 at 6 (D. Minn. Dec. 18, 2025)). Petitioner also states that an Assistant United States Attorney told Petitioner's counsel by email that Petitioner is in Minnesota as of January 29, 2026, but Petitioner's counsel has not been able to verify that information with Petitioner. (*Id.* at 3.)

The crux of the issue here is whether Petitioner, who has lived in the United States for over 2 years, should be treated as an "applicant[] for admission" under § 1225, subjecting her to mandatory detention, or as "an alien" who was "arrested and detained pending a decision on whether the alien is to be removed from the United States" under § 1226, and therefore entitled to a bond hearing before an immigration judge.

The Court agrees with the numerous thoughtful and persuasive decisions addressing this issue in this District and nationwide which overwhelmingly support granting the Petition. *See Mahamed C.A.*, 2025 WL 3771299, at *2-3 ("The United States concedes that Petitioner's claim is similar to numerous other immigration cases in this District in which citizens detained by U.S. Immigration and Customs Enforcement seek bond hearings, in every one of which a district judge of this Court has ruled against the government's new interpretation. . . . Going beyond Minnesota to consider this question on a national level, over 300 cases (and counting) have been decided adversely

5

to the government."). As another judge in this District recently explained: "Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are 'inadmissible' because they entered the United States without inspection." *Martin R. v. Noem*, No. 26-CV-168 (JMB/LIB), 2026 WL 115024, at *2 (D. Minn. Jan. 15, 2026). The Court sees no reason to depart from this well-reasoned consensus, and adopts the statutory analysis set forth in *Martin R.* and the myriad other cases rejecting Respondents' position.

The Court has carefully reviewed, but is not persuaded by, the minority of decisions in this district that have reached a different conclusion. *See Bidye M. v. Kandiyohi Cnty. Jail*, No. 25-04791 (PAM-EMB), ECF No. 10 (D. Minn. Jan. 16, 2026); *Abdirahmaan G. v. Noem*, No. 26-34 (PAM/SGE), ECF No. 7 (D. Minn. Jan. 14, 2026). In contrast to those decisions, the Court reads 8 U.S.C. § 1225(b)(2) to apply only to persons who are "presently seeking admission at the time of their detention." *See Beltran v. Bondi*, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *3 (D. Minn. Dec. 23, 2025) (reasoning that to be seeking admission means to be "coming from outside" and concluding that an individual who had resided in the country for years was not currently seeking admission).

Having concluded that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b)(2), the Court next considers the appropriate remedy. The Court agrees with the numerous cases in this district that have held that an arrest warrant is a prerequisite for detention under 8 U.S.C. § 1226(a). *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627 (D.

6

Minn. Jan. 5, 2026) (noting that issuance of a warrant is a necessary condition to justify detention under § 1226(a)); *Joaquin Q. L., v. Bondi*, No. 26-CV-233 (LMP/DTS), 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (same); *Edwin C. R., v. Bondi*, No. 26-00355 (MJD/JFD), 2026 WL 185068, at *2 (D. Minn. Jan. 25, 2026) (same); *see also* 8 U.S.C. § 1226(a) ("On a **warrant** issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added.))  Here, Respondents have not produced a warrant for Petitioner's arrest, and have not provided any indication that one exists, despite being ordered to produce "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention" and to address "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (Dkt. 3 at 1-2, *see also Adriano L.V. v. Noem*, No. 26-CV-269 (MJD/DJF), 2026 WL 184570, at *3 (D. Minn. Jan. 18, 2026) ("The warrant requirement should not come as a surprise to Respondents, since it is plainly in the text of Section 1226(a), and it has been the basis for several orders for the immediate release of other, similarly situated, petitioners in this District."), *R. & R. adopted*, No. 26-269 (MJD/DJF), 2026 WL 194401 (D. Minn. Jan. 23, 2026)).  Accordingly, immediate release is the appropriate remedy. *See Edwin C. R.*, 2026 WL 185068, at *2 (ordering immediate release where respondents failed to identify a valid statutory basis for detention including by failing to satisfy the warrant requirement of § 1226(a)); *Alberto C.M. v. Noem*, No. CV 26-380 (DWF/SGE), 2026 WL 184530, at *2 (D. Minn. Jan. 23, 2026) ("The proper remedy for this kind of violation is release from custody, not a bond hearing."); *Adriano L.V.*, 2026 WL 184570,

at *3 (recommending immediate release where there was "not even a hint that a warrant was obtained" prior to detention). Consequently, the Court recommends that the Petition be granted insofar as Respondents be ordered to immediately release Petitioner.

As an alternative basis for immediate release, the Court agrees with Petitioner that Respondents have not provided any basis to justify re-detaining her in light of her August 15, 2023 Order of Release on Recognizance. (Dkt. 1-1 at 9-10). The Court agrees with the courts in this district that have found re-detention in these circumstances to require immediate release. *See, e.g., Hussein JH v. Noem*, No. 26-CV-202 (NEB/JFD) (D. Minn. Jan. 17, 2026); *Christopher A.F.E. v. Bondi*, No. 26-CV-150 (JWB/ECW).

Given Respondents' non-specific arguments in their Response, the Court sets an expedited deadline for objections to this Report and Recommendation. *See* D. Minn. LR 72.2(a)(1) ("A party may file and serve objections to the order within 14 days after being served with a copy, **unless the court sets a different deadline**.") (emphasis added). Any objections to this Report and Recommendation are due **on February 2, 2026**. Responses to objections are due **on February 4, 2026**.

## IV.   RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. The Petition be **GRANTED** insofar as Respondents be ordered to release Petitioner in Minnesota no later than 11:00 a.m. Central Time on the day following an Order adopting this Report and Recommendation, with all of her personal effects seized during her arrest (including but not limited to immigration paperwork and other

8

identification documents) and without any additional conditions beyond the conditions contained in Petitioner's August 15, 2023 Order of Release on Recognizance.

2. The Court further recommends that Respondents be ordered to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred.

Dated: January 31, 2026

*s/Elizabeth Cowan Wright*
Elizabeth Cowan Wright
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. **The Court modifies this deadline such that objections are due on or before February 2, 2026.** *See* D. Minn. LR 72.2(a)(1) ("A party may file and serve objections to the order within 14 days after being served with a copy, unless the court sets a different deadline."). **Responses to objections are due on or before February 4, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).